```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| JADA FARLER, | : | NO. 1:10-CV-657 |
| Plaintiff, | : |  |
| vs. | : | **OPINION AND ORDER** |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY, | : |  |
| Defendant. | : |  |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 11), to which there were no objections.  For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation.

Plaintiff filed an application for Supplemental Security Income (SSI) on December 13, 2006, alleging a disability due to a motor vehicle accident which resulted in her left hand and right ankle being crushed (Id.).  After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing de novo before an Administrative Law Judge (Id.). On October 22, 2009, ALJ Smith denied Plaintiff's SSI application (Id.).  The Appeals Council subsequently denied her request for review (Id.).  On appeal to this Court, Plaintiff maintains that ALJ Smith erred in three respects.  First, for not holding the record open for submission of additional material evidence which was relevant to

Plaintiff's allegations of continuing disability and meeting of a Medical Listing requiring a sentence six remand (Id.). Specifically, Plaintiff contends she received new and material medical evidence from her treating orthopedic surgeon, Dr. Archdeacon, on the same day the ALJ issued her decision. In Plaintiff's view, such evidence should be considered by the ALJ with respect to Plaintiff's claim for SSI (Id.). As for her second and third claims of error, Plaintiff contends the ALJ failed to find that Plaintiff meets or equals Medical Listing 1.06, and failed in not accepting the treating physician's opinions as to her functional capacity (Id.).

Concerning Plaintiff's first claim, the Magistrate Judge found that Plaintiff has demonstrated "good cause" for not incorporating the additional evidence into the record at the prior hearing and that the additional evidence is both new and material (Id.). The Magistrate Judge therefore found that a remand of this matter to the Social Security Administration is warranted under sentence six of 42 U.S.C. § 405(g) (Id.). The Magistrate Judge further stated that in light of this decision, the Court should make no ruling on Plaintiff's remaining substantive challenges to the ALJ's decision (Id. citing Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991); Raitport v. Callahan, 183 F.3d 101, 103-04 (2nd Cir. 1999)).

Having reviewed this matter, and noting no objections,

2

the Court finds the Magistrate Judge's analysis well-reasoned and thorough.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 11) in all respects, and REVERSES and REMANDS the decision of the Commissioner.  On remand, the ALJ is instructed to re-evaluate Plaintiff's claim in light of Dr. Archdeacon's treatment record.  While the Commissioner is considering the new and material evidence on remand, this case is ADMINISTRATIVELY CLOSED.  However, this Court retains jurisdiction over this action such that should Plaintiff be dissatisfied with the new decision of the Commissioner on remand, Plaintiff may petition the Court for entry of an Order reinstating the case on the active docket for judicial review of the new decision.  Plaintiff must file said petition within 30 days of the date of the Commissioner's new decision.  Should both sides be satisfied with the Commissioner's new decision following remand, the prevailing party shall, within 30 days of the Commissioner's decision, petition the Court for entry of a final Order adopting and ratifying the new decision.

SO ORDERED.


DATED: August 24, 2011           s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge